IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON C. POWELL, ESQ. as personal representative of the ESTATE OF MARK KRIEGER, | § § § § | No. 130, 2020 |
| Plaintiff Below, Appellant/Cross-Appellee, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. K17C-11-003 |
| AMGUARD INSURANCE COMPANY, | § § § § | |
| Defendant Below, Appellee/Cross-Appellant. | § § | |

Submitted: April 15, 2020
Decided: April 20, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the notice and supplemental notice of interlocutory appeal, the notice of cross-appeal, and the motion to dismiss or, in the alternative, to strike, and the response, it appears to the Court that:

(1)     This litigation arises from AmGuard Insurance Company's handling of Mark Krieger's claims for workers' compensation benefits.  Krieger sued AmGuard for bad faith delay in the investigation and payment of his claims.  After Krieger passed away, the Superior Court permitted Jason C. Powell, Esq., as personal representative of the Estate, to be substituted as the plaintiff.

(2) The jury entered a verdict in favor of the Estate, finding that AmGuard unreasonably delayed in paying Krieger workers' compensation benefits between July 22, 2017 and October 2, 2017 and awarding $500,000 in punitive damages. Based on the parties' post-verdict submissions, the Superior Court awarded the Estate an additional $28.22 (the interest on the unpaid benefits between July 22, 2017 and October 2, 2017) in compensatory damages.

(3) AmGuard filed a motion for judgment as a matter of law or, in the alternative, a new trial as well as a motion for remittitur or, in the alternative, a new trial as to damages. The Superior Court denied the motion for judgment as a matter of law as procedurally barred, but granted a new trial as to damages because the size of the jury's punitive damages was so disproportionate to the evidentiary record that it shocked the Superior Court's conscience.[1] Based on its determination that the Estate's closing argument likely inflamed the jury to reach a verdict out of passion or prejudice, the Superior Court held that a new trial on the issues of liability and damages was necessary.[2]

(4) The Estate filed a 24-page application for certification of an interlocutory appeal of the Superior Court's decision granting a new trial as to damages. After AmGuard objected to the length of the application, the application

---

[1] *Powell v. AmGuard Ins. Co.*, 2020 WL 996734 (Del. Super. Ct. Mar. 2, 2020).
[2] *Id.* at *13.

was stricken for exceeding the 6-page limit for motions under Superior Court Civil Rule 78(b). The Superior Court directed the Estate to re-file an application in conformance with Rule 78(b). In the Estate's revised application, the Estate argued that the Superior Court failed to give sufficient deference to the jury's verdict.

(5) AmGuard opposed the Estate's application, but in the event that the Superior Court granted the application, AmGuard sought cross-certification of the Superior Court's denial of its arguments that evidentiary issues warranted a new trial. The Estate opposed AmGuard's request for cross-certification of an interlocutory appeal as untimely.

(6) On April 6, 2020, the Superior Court denied the Estate's application.[3] The Superior Court found that the Estate's application reargued post-trial issues without addressing the Rule 42 criteria for certification of an interlocutory appeal.[4] The Superior Court deemed AmGuard's cross-application for certification, which was contingent on the granting of the Estate's application, withdrawn.[5]

(7) The Estate filed an interlocutory appeal in this Court. The exhibits to the Estate's notice of interlocutory appeal included the 24-page application for certification that was stricken by the Superior Court. AmGuard filed a notice of cross-appeal and a motion to dismiss the interlocutory appeal or, in the alternative,

---

[3] *Powell v. AmGuard Ins. Co.*, 2020 WL 1816190 (Del. Super. Ct. Apr. 6, 2020).
[4] *Id.* at *1.
[5] *Id.*

3

to strike Exhibit B (the 24-page application for certification) to the notice of interlocutory appeal. The Estate opposes the motion.

(8) We first address the motion to dismiss the appeal or, in the alternative, to strike Exhibit B. This Court eliminated motions to dismiss appeals in 2015. AmGuard's request for dismissal of the interlocutory appeal is therefore denied.

(9) As to AmGuard's alternative request that this Court strike Exhibit B to the notice of appeal, that request is granted. The Estate's stricken application for certification does not fall within the documents required under Rule 42(d)(iv).[6] Contrary to the Estate's contention, the Superior Court did not err in striking the 24-page application, which exceeded the 6-page limit for motions under Rule 78(b). Instead of requesting a page extension or filing a 6-page application that addressed the Rule 42 criteria, the Estate chose to file a 6-page application that rehashed its arguments regarding the merits of the Superior Court's decision. The Estate appears to regret that decision as it included both the stricken application and the revised application with its notice of interlocutory appeal. The Estate essentially seeks the benefit of having two applications for certification—one that did not comply with

---

[6] Under Rule 42(d)(iv), the notice of appeal and the supplementary notice of appeal must include (unless the specified documents were already included with the notice of appeal): (i) the application for certification and attachments thereto, (ii) the response, and (iii) the order of the trial court certifying or refusing to certify the appeal, or (iv) if the trial court has not acted on the application for certification within thirty days of entry of the interlocutory order, counsel's statement to that effect.

the Superior Court Civil Rules and one that failed to address Rule 42—before this Court. Rule 42 does not contemplate or authorize such tactics.

(10) Finally, we address whether the interlocutory appeal should be accepted. Applications for interlocutory review are addressed to the sound discretion of the Court.[7] In the exercise of discretion and giving deference to the Superior Court's denial of the application for certification, this Court has concluded that the Estate's application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). As the Superior Court recognized, the application failed to address the Rule 42(b) criteria for certification. In addition, having considered the Rule 42 criteria, we conclude that the case is not exceptional,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is DENIED, the alternative motion to strike Exhibit B to the notice of interlocutory appeal is GRANTED, and the interlocutory appeal is REFUSED. The notice of cross-appeal is MOOT.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] Supr. Ct. R. 42(d)(v).
[8] Supr. Ct. R. 42(b)(ii).
[9] Supr. Ct. R. 42(b)(iii).

5